UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **ELLIS KEYES,**<br>　　**Plaintiff,**<br><br>v.<br><br>**EDISON BANKS,**<br>　　**Defendant.** | CIVIL NO. 7:18-CV-23-KKC<br><br><u>**OPINION AND ORDER**</u> |

　　The plaintiff and defendant have filed cross-motions for summary judgment. (DE 62, 63.) The magistrate judge has filed a recommended disposition, DE 66, in which he recommends that the motion by defendant Edison Banks be granted and that the motion by plaintiff Ellis Keyes be denied. Plaintiff Keyes has filed objections (DE 67) to the magistrate judge's recommendation. The Court will make a *de novo* determination of those portions of the recommendation to which Keyes makes specific objections. 28 U.S.C.A. § 636 (b)(1); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A general objection to a magistrate's report is not treated as an objection at all. *Id*.

　　As background, Keyes asserts that he was seeking election to the office of Letcher County Commonwealth Attorney and that the incumbent Commonwealth Attorney – Defendant Edison Banks – attempted to have Keyes' name removed from the ballot because Keyes is not a licensed attorney. (DE 1, Complaint at 1-2.) The Kentucky Constitution provides, "No person shall be eligible to the office of Commonwealth's Attorney unless he shall have been a licensed practicing lawyer four years." Ky. Const. § 100.

　　Keyes concedes he is not a licensed attorney. He states he is "an ordinary person who practices law. . . a lay man of common law." (DE 1, Complaint at 3.) Keyes filed this action, asking for the Court to "stay. . . the removal of name from ballot dismissed," and "such other further relief deemed

just and proper." (DE 1, Complaint at 9.) In a later filing, Keyes asked for a stay of "Letcher Circuit Court Order 2018-CI-32." (DE 12, Demand.)

Keyes first objects to the magistrate judge's determination regarding the claims that he asserts. The magistrate judge states in his recommendation that, at a status conference, Keyes "clarified that he is only asserting substantive and procedural due process violations against Banks for having his name taken off the ballot." In his objections, Keyes states he never said this. He argues that he asserts "broad and universal concepts of constitutional law." (DE 67 at 2.) He mentions the right to vote contained in the 15th Amendment to the U.S. Constitution and the Equal Protection Clause. This objection is OVERRULED.

The Court has reviewed an audio recording of the December 9, 2019 status conference. (DE 58, Minute Entry.) The magistrate judge's primary objective at the conference was to determine precisely what claims Keyes asserts. The magistrate judge noted that the United States Court of Appeals for the Sixth Circuit had determined that Keyes' "raises a federal question under the Fourteenth Amendment." *See* DE 14. The magistrate judge asked Keyes at the status conference not once, but twice, whether he was indeed asserting claims for substantive and procedural due process violations under the Fourteenth Amendment. Both times Keyes confirmed that these were the claims he was asserting. He never mentioned any other claim.

Further, Keyes has failed to make sufficient allegations to assert a violation of either the right to vote contained in the Fifteenth Amendment or of the Equal Protection clause. Thus, the magistrate judge correctly concluded that Keyes asserts only due process violations under the 14th Amendment.

Keyes also objects to the magistrate judge's determination that Keyes verified at the status conference "that he is asserting a federal cause of action that has not yet been adjudicated." DE 66 at 5. This objection is also OVERRULED. The statement was accurate. Keyes stated at the status conference that, with this federal action, he asserts that the defendant violated his substantive and

2

procedural due process rights. That claim had clearly not been adjudicated at the time of the status hearing. The magistrate judge made this finding in ruling in Keyes' favor on Banks' argument that Keyes' claims are barred under the doctrines of res judicata, collateral estoppel, and *Rooker-Feldman*. The magistrate judge was distinguishing this federal action from the claims that were litigated in state court.

Keyes objects to the magistrate judge's finding that, "[i]n response to striking his name from the ballot, Keyes filed this instant action and then also appealed the state trial court's ruling." (DE 66 at 6.) Keyes argues that this federal action was filed prior to the state court ruling. (DE 67 at 2.) This objection is SUSTAINED. Keyes filed this action on February 23, 2018. The Letcher Circuit Court order that prohibited Keyes' name from appearing on the ballot was not entered until March 13, 2018 (DE 24-1). This makes no difference, however, to the outcome of the case. Again, in making this finding, the magistrate judge was simply distinguishing this federal action from the state court action for purposes of rejecting Banks' argument that the *Rooker-Feldman* doctrine bars Keyes' claim.

Similarly, Keyes objects to the magistrate judge's finding that, "Keyes has opposed Banks' petition to have him removed from the ballot by appealing the state court's decision and filing a federal cause of action in federal court." (DE 66 at 8-9). Keyes argues that magistrate judge did not correctly state the "sequence of events." This objection is OVERRULED.

The magistrate judge made this statement in ruling in Keyes' favor on Banks' argument that the Court should find Keyes a vexatious litigator and prohibit him from filing any further complaints regarding the removal of his name from the ballot. With the statement in question, the magistrate judge was not attempting to recount the sequence of the federal and state court actions. Nor was the sequence of events relevant to the magistrate judge's point. Instead, the magistrate judge was merely explaining why he did not agree that Keyes had filed repetitive and frivolous actions relating to the

removal of his name from the ballot. The magistrate judge was noting that Keyes pursued relief only in this Court and in his appeal of the state-court ruling.

Keyes makes no further specific objections to the magistrate judge's recommendation. Accordingly, the Court hereby ORDERS as follows:

1) the magistrate judge's recommended disposition (DE 66) is ADOPTED as the opinion of the Court with the exception of the magistrate judge's finding that, "[i]n response to striking his name from the ballot, Keyes filed this instant action and then also appealed the state trial court's ruling." (DE 66 at 6.) Instead, the Court finds that Keyes filed this action before the Letcher Circuit Court entered an order that prohibited Keyes' name from appearing on the ballot. That finding makes no difference in the outcome of the magistrate judge's recommendation;

2) Banks' motion to dismiss (DE 55) is DENIED;

3) Banks' motion for summary judgment (DE 62) is GRANTED; and

4) Keyes' motion for summary judgment and motion to set a trial date (DE 63) are DENIED; and

5) judgment will be entered consistent with this opinion.

Dated September 02, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY